# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUISA LIBERTO, et al.,** | : | Civil No. 4:17-CV-2320 |
| **Plaintiffs** | : | ( Judge Kane) |
| v. | : | (Magistrate Judge Carlson) |
| **GEISINGER HOSPITAL, et al.,** | : | |
| **Defendants** | : | |

## MEMROANDUM AND ORDER

**I.     Statement of Fact and of the Case**

This *pro se, in forma pauperis* lawsuit comes before us for consideration of a motion for more definite statement filed by the defendant, Geisinger Medical Center. (Doc. 22.) This motion raises a well-founded concern that the plaintiffs' allegations are insufficiently pleaded to allow for an intelligible response by the defendants.

An examination of the plaintiffs' complaint indicates that the plaintiffs are attempting to bring some sort of employment discrimination lawsuit since they caption this pleading as a "Complaint for Employment Discrimination." (Doc. 1.) What then follows, though, is a collection of workplace complaints by Luisa Liberto relating to a wide array of matters such as access to office keys, requests to change

1

work cubicles, laptop computer access, and workplace ventilation and acoustics. (Id.) In addition, the plaintiffs allege that Liberto's son, Jeffrey Liberto, who allegedly suffers from some developmental disability, was subjected to some form of discrimination during his volunteer work at the hospital. (Id.)

While this much is clear, the manner in which the plaintiffs' grievances are expressed often defies understanding. Thus, it is often difficult to discern how specific actions alleged by the plaintiffs are related to discrimination in violation of federal law. It is also frequently difficult to discern precisely what type of discrimination is being alleged by the plaintiffs since the compliant simply asserts in a conclusory fashion discrimination based upon race, color and disability, but often does not link alleged workplace disputes to any of these allegations of discrimination. For example, the complaint sets forth the following narrative which defies any ready response, with the plaintiffs alleging that the defendants were:

> Subjecting me to sit at a work station under the only noisy vent in the office that would never shut off, though in conjunction with signing onto the Epic System and my Councelor Log on my computer would cause me to experience severe physical symptoms, and refusing to move me to another work station; harrassing and discriminating my son, Jeffrey Liberto, as a means to harrass me, and forcing me to attend and sit through meetings in room areas that made the condition caused by my work station conditions worse.

(Id.)

Presented with this form of complaint, the defendants have filed a motion seeking a more definite statement of the plaintiffs' claims pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. This motion is fully briefed by the parties and is, therefore, ripe for resolution. For the reasons set forth below, finding that the plaintiffs' pleadings are "so vague or ambiguous that the [defendants] cannot reasonably prepare a response," Fed. R. Civ. P. 12(e), this motion for a more definite statement, (Doc. 22) will be GRANTED.

## II. Discussion

In assessing the adequacy of a complaint, the Supreme Court of the United States has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated when assessing the adequacy

of a complaint:

> District courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009); see Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 556 U.S. at 675, 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief" and instead must "'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure, which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, it is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be

'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007). When a complaint is "illegible or incomprehensible", id., or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible," Stephanatos v. Cohen, 236 F.App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 may be appropriate. See, e.g., Mincy v. Klem, 303 F.App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008); Stephanatos, 236 F.App'x at 787; Scibelli, 219 F. App'x at 222; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005). Likewise, dismissal under Rule 8 is also proper where a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];" Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, 441 F.App'x 109 (3d Cir. 2011).

In a case such as this, where the plaintiffs' complaint defies response, there is also another vehicle for gaining an understanding of the plaintiffs' claims, a motion for a more definite statement made under Rule 12(e) of the Federal Rules of Civil Procedure. Rule 12(e) provides in part that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the

5

defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

Here the defendants have requested that the Court order the plaintiffs to make a more definite statement of his claims against these defendants, and we find that this case aptly:

> highlight[s] the particular usefulness of the Rule 12(e) motion for a more definite statement. Under Rule 12(e), a defendant may move for a more definite statement "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). The Rule 12(e) "motion shall point out the defects complained of and the details desired." Id. When a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot reasonably be expected to frame a proper, fact-specific . . . defense. . . . The Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief.

Thomas v. Independence Tp., 463 F.3d 285, 301 (3d Cir. 2006).

In our view, this case calls out for a more definite statement of the plaintiffs' claims since in many respects the plaintiffs' pleadings are "so vague or ambiguous that the [defendants] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Accordingly, the defendants' motion for a more definite statement will be granted, and the plaintiffs' are ordered as follows:

## III. Conclusion and Order

Accordingly, for the foregoing reasons, IT IS ORDERED that:

1. The defendants' Motion for More Definite Statement (Doc. 22), is GRANTED.

2. On or before **June 29, 2018**, the plaintiffs shall file an amended complaint in this case, and serve this complaint upon the defendants.

3. The plaintiffs' amended complaint must recite factual allegations which are sufficient to raise the plaintiffs' claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct." Fed. R. Civ. P. 8(e)(1).

4. This complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The complaint should set forth plaintiffs' claims in short, concise and plain statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief

sought. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.

5. The Court further places the plaintiffs on notice that failure to comply with this direction may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Court also notifies the plaintiffs that, as litigants who have sought leave to proceed *in forma pauperis,* this complaint may also be subject to a screening review by the Court to determine its legal sufficiency. See 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED, this 30th day of May, 2018.

                              */s/ Martin C. Carlson*
                              Martin C. Carlson
                              United States Magistrate Judge